## Horning *v.* Kraus et al., Appellants.

*Deeds—Conveyance of coal—Use of surface—Mines and mining —Construction of deed.*

A deed conveying coal, "together with all the necessary privileges, through and under the lands.......for the opening, mining, airing, draining and transporting to market of said coal hereby sold and conveyed......; also the privilege of a road or right-of-way not exceeding 20 feet in width from the main entrance to said coal," along a designated line, confers no right to use the surface outside the area of the underlying coal for the purpose of erecting and maintaining a coal chute, storage bins, track scales and other structures.

Argued Feb. 10, 1910. Appeal, No. 25, Oct. T., 1919, by defendants, from decree of C. P. Allegheny Co., Jan. T., 1919, No. 614, in equity restraining defendants from using plaintiff's land for mining operations, in the case of John O. Horning v. J. W. Kraus et al., Partners, trading as Black Hills Coal Company. Before BROWN, C. J., STEWART, FRAZER, SIMPSON and KEPHART, JJ. Affirmed.

Bill in equity for an injunction. Before CARPENTER, J.

The defendants claimed certain rights and privileges upon the plaintiff's land by virtue of the ownership of underlying coal. The case turned upon the construction of the deed conveying the coal.

The plaintiff's first request for findings of fact and the answer of the court thereto was as follows:

"The plaintiff is the owner of the surface upon which the defendants have made an entry for the purpose of reaching their coal and upon which they have constructed a coal chute, and upon which they propose to construct bins for storing coal, track scales, blacksmith shop and mule stable, and a storage room for supply parts, etc. The defendants propose to use about an acre and a half of the plaintiff's land. The land which they propose to use does not overlie the defendants' coal, it lies adjacent to the coal but outside of the lines of the same."

Affirmed.

The court's eleventh finding of fact is as follows:

"The opening of which complaint is made and the location selected for the chute, bins or platform, etc., which defendants purpose constructing, are outside the boundaries of the coal as surveyed and conveyed to James H. Hays, being between said surveyed line and Main street, and, if the said proposed structures are erected, will occupy about 125 to 150 feet of the frontage of plaintiff's land on said street, to wit: the frontage extending from the chute to the Keeling Tunnel. Main street, at the point mentioned, and for some distance east and west, is on the McCleery land, now owned by plaintiff, and between the surveyed line of the coal and the line of land now or late of the Wilson heirs."

The court awarded an injunction. Defendants appealed.

*Error assigned,* among others, was the decree of the court.

*George J. Shaffer,* with him *J. W. Kraus,* for appellants.—The easement or right-of-way, was created by virtue of a grant and does not arise and was not exercised ex necessitate: March-Brownback Stove Co. v. Evans, 9 Pa. Superior Ct. 597; Citizens Electric Co. v. Davis, 44 Pa. Superior Ct. 138.

The grant of "all the necessary privileges through and under the lands of the party of the first part for the opening, mining, airing, draining and transporting to market of the said coal" gave the grantee and his successors, the right to exercise those rights on any part of the surface: Trout v. McDonald, 83 Pa. 144.

*William A. Seifert,* with him *Reed, Smith, Shaw & Beal,* for appellee.—Where a right-of-way is specifically bounded and defined in the grant or reservation the terms of the deed will control and the question of convenient use

is immaterial: 14 Cyc. 1161; Cubbage v. Pittsburgh Coal Company, 216 Pa. 411; Kraut's App., 71 Pa. 64.

The right to use land lying outside of the coal area, has long since been exhausted, except as to the 20-foot right-of-way: Sechrist v. Dallastown Boro., 45 Pa. Superior Ct. 105; Bosch v. Hoffman, 42 Pa. Superior Ct. 313; Colt v. Redfield, 59 Conn. 427; William v. Safford, 7 Barb. 309; Stetson v. Curtis, 119 Mass. 266.

PER CURIAM, April 14, 1919:

That the rights of James H. Hays under the deed for the coal conveyed to him by James McCleery on November 20, 1866, is the measure of the right of the defendants to use the surface now owned by the plaintiffs is conceded. In the first finding of fact found by the learned chancellor below, at the request of plaintiff, and in his own eleventh finding there is set out what the defendants attempted to do when this bill was filed. These findings are not assigned as error. The right of the successors in title to Hays to use the surface is to be found in the following from McCleery's deed to him: "Together with all the necessary privileges, through and under the lands of the said party of the first part for the opening, mining, airing, draining and transporting to market of said coal hereby sold and conveyed, and also any other coal the said party of the second part now owns or he, his heirs and assigns, may hereafter purchase or acquire. Also the privilege of a road or right-of-way not exceeding 20 feet in width from the main entrance to said coal hereby sold and conveyed, along the line of the Wilson heirs and parsonage lot in the direction of Saw Mill run, said party of the second part restricts himself to one opening on the surface on the south side of said farm for airing and draining." The use which the defendants would make of the surface is clearly beyond what was contemplated by McCleery and Hays, and certainly is not within the privileges granted by the former to the latter.

The decree is accordingly affirmed, at appellants' costs.